**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| ANGEL ROSALES, MIGUEL ROSALES, PATRICIA RENTERIA, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | **CIVIL ACTION NO. 9:14-CV-132** |
| MAZDA MOTOR CORPORATION, | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § | |

**MAZDA MOTOR CORPORATION'S**
**AMENDED ANSWER, COUNTERCLAIM, AND JURY DEMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Mazda Motor Corporation (MC), Defendant in the above-entitled and numbered cause, and files its Amended Answer and Counterclaim to Plaintiffs' Original Complaint.

## A.  PARTIES

1.     MC is without sufficient information to admit or deny the allegations in Paragraph 1 of the Original Complaint.

2.     MC is without sufficient information to admit or deny the allegations in Paragraph 2 of the Original Complaint and therefore denies same.

3.     MC is without sufficient information to admit or deny the allegations in Paragraph 3 of the Original Complaint and therefore denies same.

4.     MC admits it is a Japanese corporation with a home office at 3-1 Shinchi, Fuchu-cho, Aki-gun, Hiroshima, 730-8670, Japan.  MC denies it is at all times doing business in the State of Texas.  The allegation regarding the propriety of service of MC is a conclusion of law to

which no response is required of MC.  To the extent a response is required, MC admits it has been served with process in this case.

## B.  JURISDICTION

5.     MC admits this Court has jurisdiction over this matter because the parties are alleged to be citizens of different states and Plaintiffs allege an amount in controversy that exceeds the jurisdictional requirements of 28 U.S.C. § 1332.

## C.  FACTS

6.     MC is without sufficient information to admit or deny the allegations in Paragraph 6 of the Original Complaint and therefore denies same.

7.     MC is without sufficient information to admit or deny the allegations in Paragraph 7 of the Original Complaint and therefore denies same.

8.     MC is without sufficient information to admit or deny the allegations in Paragraph 8 of the Original Complaint and therefore denies same.  MC specifically denies the subject vehicle was defective or unreasonably dangerous in any respect at the time it left the control of any Mazda entity.  MC therefore denies it is liable to Plaintiffs in this matter under any theory of liability and denies Plaintiffs are entitled to any damages from MC.

## D.  CAUSE(S) OF ACTION AS TO DEFENDANT

9.     MC admits that it is foreseeable that any vehicle may be involved in accidents but denies that it could have foreseen this accident.  MC denies the allegations in Paragraph 9 of the Original Complaint to the extent they suggest wrongdoing by MC or a defect in the vehicle at issue in this case.  MC denies any remaining allegations in Paragraph 9 of the Original Complaint.

10.     MC denies the allegations made against it in Paragraph 10 of the Original Complaint.  MC specifically denies the subject vehicle was defective or unreasonably dangerous in any respect at the time it left the control of any Mazda entity.  MC therefore denies it is liable to Plaintiffs in this matter under any theory of liability and denies Plaintiffs are entitled to any damages from MC.

11.     MC admits that it designs and developmentally tests Mazda motor vehicles, including the 2011 Mazda 3 at issue in this case.  MC admits that it manufactured in part, and assembled the subject Mazda 3 at issue in this case.  MC denies the remaining allegations made against it in Paragraph 11 of the Original Complaint, including subparts (a) through (i).  MC specifically denies the subject vehicle was defective or unreasonably dangerous in any respect at the time it left the control of any Mazda entity.  MC therefore denies it is liable to Plaintiffs in this matter under any theory of liability and denies Plaintiffs are entitled to any damages from MC.

12.     MC denies the allegations made against it in Paragraph 12 of the Original Complaint.  MC specifically denies it was negligent and denies the subject vehicle was defective or unreasonably dangerous in any respect at the time it left the control of any Mazda entity.  MC therefore denies it is liable to Plaintiffs in this matter under any theory of liability and denies Plaintiffs are entitled to any damages from MC.

13.     MC denies any of its alleged acts and/or omissions were the producing and/or proximate cause of Plaintiffs' alleged damages.  MC therefore denies it is liable to Plaintiffs in this matter under any theory of liability and denies Plaintiffs are entitled to any damages from MC.

14.     MC denies any of its alleged acts and/or omissions were the producing and/or proximate cause of Plaintiff Angel Rosales's alleged injuries.  MC therefore denies it is liable to Plaintiffs in this matter under any theory of liability and denies Plaintiffs are entitled to any damages from MC.

15.     MC denies any of its alleged acts and/or omissions were the producing and/or proximate cause of Plaintiff Francisca Rosales's alleged fatal injuries.  MC therefore denies it is liable to Plaintiffs in this matter under any theory of liability and denies Plaintiffs are entitled to any damages from MC.

### E.  DAMAGES TO PLAINTIFFS

16.     MC denies the allegations made against it in Paragraph 16 of the Original Complaint.  MC specifically denies it is liable to Plaintiffs in this matter under any theory of liability and denies Plaintiffs are entitled to any damages from MC.

17.     MC denies the allegations made against it in Paragraph 17 of the Original Complaint.  MC specifically denies it is liable to Plaintiffs in this matter under any theory of liability and denies Plaintiffs are entitled to any damages from MC.

18.     MC denies the allegations made against it in Paragraph 18 of the Original Complaint.  MC specifically denies it is liable to Plaintiffs in this matter under any theory of liability and denies Plaintiffs are entitled to any damages from MC.

19.     MC denies the allegations made against it in Paragraph 19 of the Original Complaint.  MC specifically denies it is liable to Plaintiffs in this matter under any theory of liability and denies Plaintiffs are entitled to any damages from MC.

20.     MC denies the allegations made against it in Paragraph 20 of the Original Complaint.  MC specifically denies it is liable to Plaintiffs in this matter under any theory of liability and denies Plaintiffs are entitled to any damages from MC.

21.     MC denies the allegations made against it in Paragraph 21 of the Original Complaint.  MC specifically denies it is liable to Plaintiffs in this matter under any theory of liability and denies Plaintiffs are entitled to any damages from MC.

22.     MC denies the allegations made against it in Paragraph 22 of the Original Complaint.  MC specifically denies it is liable to Plaintiffs in this matter under any theory of liability and denies Plaintiffs are entitled to any damages from MC.

23.     MC denies the allegations made against it in Paragraph 23 of the Original Complaint.  MC specifically denies it is liable to Plaintiffs in this matter under any theory of liability and denies Plaintiffs are entitled to any damages from MC.

## F.  PRAYER

24.     MC specifically denies Plaintiffs are entitled to recover judgment from MC for any damages, pre- and post-judgment interest, and/or any further relief as alleged in Plaintiffs' Prayer.

## G.  MC'S AFFIRMATIVE DEFENSES

25.     Pleading further, alternatively, and by way of affirmative defense, MC would show the Court that Plaintiffs and/or third parties, over whom/which MC had no control, failed to use that degree of care and caution as would have been used by a reasonably prudent person under the same or similar circumstances, thereby producing or proximately causing or contributing to Plaintiffs' damages or injuries, if any.  Such acts or omissions of Plaintiffs and/or third parties or other then-existing circumstances were the proximate cause, producing cause,

sole proximate cause, or sole producing cause of the accident in question and any alleged resulting injuries or damages.  MC therefore invokes the comparative responsibility provisions of Chapter 33 of the Texas Civil Practice & Remedies Code.  In the unlikely event any liability is found on the part of MC, such liability should be reduced by the percentage of the causation found to have resulted from the acts or omissions of Plaintiffs, others and/or third parties.

26.     Pleading further, alternatively, and by way of affirmative defense, MC would show the Court that Plaintiff Angel Rosales violated the following applicable statutes without excuse, thereby producing or proximately causing or contributing to Plaintiffs' damages or injuries, if any: Texas Transportation Code Section 545.051(a) [duty to drive on right hand side of road] and Texas Transportation Code Section 545.051(c) [duty of driver not to cross center stripe of highway].  Plaintiffs belong to the class of persons that these statutes were designed to protect, and their injuries and damages are of the type that the statutes are designed to prevent. Violations of these statutes may result in the imposition of tort liability.  Plaintiff Angel Rosales's violations thus constitute negligence per se and were the proximate cause, producing cause, sole proximate cause, or sole producing cause of the accident in question and any alleged resulting injuries or damages.  MC therefore invokes the comparative responsibility provisions of Chapter 33 of the Texas Civil Practice & Remedies Code.  In the unlikely event any liability is found on the part of MC, such liability should be reduced by the percentage of the causation found to have resulted from the negligence per se of Plaintiff Angel Rosales.

27.     Pleading further, alternatively, and by way of affirmative defense, MC would show the Court that decedent Francisca Rosales violated the following applicable statute without excuse, thereby producing or proximately causing or contributing to Plaintiffs' damages or injuries, if any, related to Francisca Rosales's own injuries and death: Texas Transportation Code

Section 545.413(a) [duty to wear available seat belt].  Francisca Rosales belonged to the class of persons that this statute was designed to protect, and Plaintiffs' injuries and damages are of the type that the statute is designed to prevent.  Violations of this statute may result in the imposition of tort liability.  Decedent Francisca Rosales's violation thus constitutes negligence per se and was the proximate cause, producing cause, sole proximate cause, or sole producing cause of the accident in question and any alleged resulting injuries or damages.  MC therefore invokes the comparative responsibility provisions of Chapter 33 of the Texas Civil Practice & Remedies Code.  In the unlikely event any liability is found on the part of MC, such liability should be reduced by the percentage of the causation found to have resulted from the negligence per se of Francisca Rosales.

28.    Pleading further, alternatively, and by way of affirmative defense, the subject Mazda 3 complied with all Federal Motor Vehicle Safety Standards (49 C.R.F. § 571.101, et seq.) and all other applicable federal requirements.  Accordingly, MC pleads that Plaintiffs' claims may be barred and/or preempted, in whole or in part, by the doctrine of federal preemption.

29.    Pleading further, alternatively, and by way of affirmative defense, MC pleads it is entitled to a presumption against liability, pursuant to Texas Civil Practice & Remedies Code section 82.008(a), for any injuries allegedly caused by the subject vehicle's design, manufacture, and marketing, because the vehicle, including all of its component parts, complied with all applicable Federal Motor Vehicle Safety Standards at the time of its manufacture.

30.    Pleading further, alternatively, and by way of affirmative defense, in the unlikely event that an adverse judgment would be rendered against it, MC would respectfully request all

available credits and/or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas law.

31.     MC states that this case may be more conveniently handled by a different United States District Court.  After MC has had the opportunity to conduct investigation and discovery, MC may file a motion to transfer venue on that basis.

32.     MC hereby gives notice that it intends to rely upon such other defenses, denials, or cross and/or counter actions as may become available or appear during discovery as it proceeds in this matter and hereby reserves the right to amend its Answer to assert such defenses.

## H.  COUNTERCLAIM

33.     MC makes a counterclaim for contribution against Plaintiff Angel Rosales under sections 33.015 and 33.016 of the Texas Civil Practice and Remedies Code.  In the event that MC is found jointly and severally liable on any of the claims against it for which Plaintiff Angel Rosales is also found responsible and MC thus becomes required to pay a percentage of damages greater than its percentage of responsibility, MC will have a right of contribution from Plaintiff Angel Rosales.  Plaintiff Angel Rosales is liable for any damages or injuries resulting from the subject crash because he failed to use that degree of care and caution as would have been used by a reasonably prudent person under the same or similar circumstances, thereby producing or proximately causing Plaintiffs' damages or injuries, if any.  Plaintiff Angel Rosales is also liable for any damages or injuries resulting from the subject crash under the doctrine of negligence per se as alleged in paragraph 26, above.

## I.  JURY DEMAND

34.     MC hereby respectfully demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Mazda Motor Corporation respectfully prays that a jury be empaneled for trial of this case, that Plaintiffs take nothing by this suit; and that judgment be rendered in favor of MC and its counterclaim against Plaintiff Angel Rosales.  MC also asks for an award of all costs and expenses incurred on its behalf and for such other and further relief, both at law and in equity, to which it may show itself justly entitled.

**RESPECTFULLY SUBMITTED,**

*/S/ CRAIG D. DUPEN*
**DAVID P. STONE**
Texas Bar No. 19289060
David.Stone@bowmanandbrooke.com
**CRAIG D. DUPEN**
Texas Bar No. 24065177
Craig.Dupen@bowmanandbrooke.com
**AMANDA R. MCKINZIE**
Texas Bar No. 24088028
Amanda.McKinzie@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, Texas  75201
Telephone:  (972) 616-1700
Facsimile:  (972) 616-1701

**ATTORNEYS FOR MAZDA MOTOR CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 10th day of April 2015.

*/S/ CRAIG D. DUPEN*